IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 6 2013

CLERK, U.S. DISTRICT COURT
By
          Deputy
```

FREDERICK O. OPIYO,                §
                                   §
          Plaintiff,               §
                                   §
VS.                                §   NO. 4:13-CV-582-A
                                   §
TIMOTHY MUSGRAVE, ET AL.,          §
                                   §
          Defendants.              §

MEMORANDUM OPINION
and
ORDER

The plaintiff in the above-captioned action is Frederick O.
Opiyo and the defendants are Timothy Musgrave, United States
Probation Officer; Monica Villegas, United States Probation
Officer; Mona Hernandez, United States Postal Inspector; Unknown
Agent, United States Postal Inspector; and Two Unknown employees
of the United States Marshals Service.

Plaintiff alleged on page 64 of the paginated section of his
complaint that the defendants are being sued in their individual
and official capacities.  The official capacity claims would be
claims against United States of America, which would have to be
brought under the Federal Tort Claims Act.  Plaintiff has not
suggested that he has complied with the administrative procedures
that would authorize the filing of a court action under that act,
nor does he recite that he intends to assert such a claim.

Therefore, the court is dismissing whatever official capacity claims plaintiff has asserted.

Plaintiff alleged that his complaint is brought under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Inasmuch as none of the defendants is a state actor, and plaintiff does not complain of any state action, the court is dismissing whatever claims plaintiff purports to be asserting under § 1983. The court treats all of the claims that are being asserted by plaintiff as Bivens claims.

Plaintiff is a prisoner seeking redress from government officials. Thus, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). The court does not

accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555; <u>Tuchman v. DSC Commc'ns Corp.</u>, 14 F.3d 1061, 1067 (5th Cir. 1994).

Having now considered plaintiff's claims against defendants, the court concludes that all of them should be dismissed under the authority of 28 U.S.C. § 1915A(b)(1).

I.

<u>Plaintiff's Pleaded Claims</u>

Plaintiff's claims, as he describes them, relate to two criminal proceedings in which he was the defendant. He summarized his claims as follows:

    1. Unlawful Search and Seizure, Plaintiff alleges that the Searches and Seizure performed by the defendants, Postal Inspector Hernandez and three Unknown Federal Agents at his residence on September 10, 2010 was Unreasonable and unsupported by probable cause or suspicious circumstances.

    2. Unlawful Arrest, Plaintiff alleges that he was unlawfully Arrested on September 10, 2010 without probable cause, by the Postal Inspector Hernandez after receiving false information from USPO Villegas, which formed the basis of a finding of probable cause to Arrest and Prosecute.

    3. Failure to disclose Brady Material, On September 16, 2010, during Preliminary hearings and on March 4, 2011, during Sentencing hearings, both Villegas and Hernandez testified as Prosecution key witnesses against the Plaintiff, knowingly and

deliberately with reckless disregard of the truth lied
under oath and violated their derivative Brady
obligation by unlawfully withholding exculpatory,
impeachment and material evidence favourable to the
Plaintiff's guilt or punishment.

4.   Retaliatory Prosecution Claim, Plaintiff
alleges that he was retaliated against by his Probation
Officer, Villegas and Postal Inspector Hernandez for
filing unrelated suit against Sanilac County Jail
Guards for sexual assault (Cause No. 09-CV-13609) and
both Officials were motivated by anger at Plaintiff's
filing of the lawsuit and sought to retaliate against
him.

5.   Civil Conspiracy Claim, Plaintiff asserts a
civil conspiracy against USPO Villegas and USPI
Hernandez which impeded his First Amended right to
redress his unrelated suit for sexual assault,
interfered with his access to the Courts while he was
in the middle of fighting his civil case.

6.   Supervisory Liability Claim, Plaintiff
alleges Supervisory liability against Musgrave, because
he is alleged to have known about his subordinate's
conduct, facilitated it, condoned it, approved it and
turned a blind eye to her actions.

7.   Unlawful Seizure and Destruction of Personal
Property, Plaintiff alleges unlawful Seizure and
destruction of his personal property, including legal
documents and cash $3,000.00, seized by the Postal
Inspector during the illegal Search and Seizure on
September 10, 2010.

8.   Malicious Prosecution Claim on Supervised
Release, Plaintiff alleges malicious revocation of his
Supervised Release initiated without probable cause,
based on perjured statements and knowingly using of
evidence illegally obtained through unreasonable search
and seizure during Sentencing on March 4, 2011, as a
result he was Sentenced to a maximum of twenty four
months for Supervised Release violation.

Compl., 5th and 6th unnumbered pages.  By way of relief,
plaintiff sought damages in the amount of Two Million Dollars.

II.

### The Two Criminal Proceedings
### to Which Plaintiff's Claims Relate

The two criminal proceedings resulted in plaintiff being
sentenced to two terms of imprisonment, eighty-four months in one
and twenty-four months in the other, to run consecutively.

A.   Case No. 4:10-CR-168-A, United States of America v.
     Frederick Odhiambo Opiyo

The first, Case No. 4:10-CR-168-A, was initiated by an
indictment filed in this court on October 5, 2010, charging
plaintiff in Count One with Manufacturing, Uttering, and
Possession of a Counterfeited Security, in violation of 18 U.S.C.
§§ 513(a) and 2, and in Count Two with Uttering and Possession of
a Forged Security, in violation of 18 U.S.C. §§ 513(a) and (2).
Pursuant to a plea agreement, plaintiff pleaded guilty
November 19, 2010, to Count Two.  He signed a factual resume
providing specifics as to the facts constituting the offense
charged by Count Two.  On March 4, 2011, a sentencing hearing was
held, and on March 7, 2011, a judgment was signed sentencing
plaintiff to a term of imprisonment of eighty-four months, to run
consecutively to any terms of imprisonment that might be imposed
in the supervised revocation in Case No. 4:10-CR-181-A.

Plaintiff appealed to the United States Court of Appeals for the Fifth Circuit from his judgment of conviction and sentence in Case No. 4:10-CR-168-A.  By judgment filed June 1, 2012, the Fifth Circuit dismissed his appeal as frivolous.  His petition for writ of certiorari was denied by the Supreme Court on October 9, 2012.

On June 10, 2013, plaintiff filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in Case No. 4:10-CR-168-A.  His grounds for granting the motion included unreasonable search and seizure, and failure of the prosecutor to disclose evidence.

By memorandum opinion and order and final judgment issued on September 6, 2013, plaintiff's § 2255 motion was denied.  His unreasonable-search-and-seizure and failure-to-disclose-evidence grounds were rejected because he had unsuccessfully raised those grounds in his appeal to the Fifth Circuit from the March 2, 2011 judgment.  Plaintiff's appeal from the court's judgment denying his § 2255 motion remains pending in the Fifth Circuit.

B.   Case No. 4:10-CR-181-A, United States of America v. Frederick Odhiambo Opiyo

The second criminal proceeding to which plaintiff's claims relate was a proceeding to revoke a term of supervised release plaintiff had received as part of a sentence imposed on him by the United States District Court for the Eastern District of

Michigan in July 2009 based on a conviction for possessing false identification documents in violation of 18 U.S.C. § 1028(a)(3). His sentence was a term of imprisonment of twenty-one months followed by a two-year term of supervised release. The supervised release commenced on November 20, 2009. Jurisdiction for supervision of plaintiff was transferred from the Eastern District of Michigan to the Northern District of Texas, Fort Worth Division, in October 2010. When transferred to this district, the proceeding was assigned Case No. 4:10-CR-181-A.

A motion to revoke plaintiff's term of supervised release was filed in March 2011. One of the grounds was that on September 10, 2010, while executing a search warrant on plaintiff's apartment in Arlington, Texas, U.S. Postal Inspectors found plaintiff to be in possession of a fraudulent passport with his photograph, issued in the name of Joshua Kashimiri, in violation of 18 U.S.C. § 1028(a)(6). At the hearing on the motion to revoke, which was conducted on March 4, 2011, the court found that plaintiff violated his conditions of supervised release in each of the respects alleged in the motion, including the violation based on his having been in possession of a fraudulent passport. A judgment of revocation and sentence was signed March 4, 2011, imposing a sentence of a term of

imprisonment of twenty-four months, to be consecutive to the term of imprisonment imposed by defendant on Case No. 4:10-CR-168-A.

Plaintiff appealed from the March 4, 2011 judgment of revocation and sentence to the Fifth Circuit. By judgment filed June 1, 2011, the Fifth Circuit dismissed his appeal as frivolous.

On June 5, 2013, plaintiff filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in Case No. 4:10-CR-181-A. His grounds for granting the motion included unconstitutional search and seizure and unconstitutional failure of the prosecution to disclose to him evidence favorable to him.

By memorandum opinion and order and final judgment issued on August 5, 2013, plaintiff's § 2255 motion was denied. His unconstitutional-search-and-seizure and failure-to-disclose-evidence grounds were rejected because he had unsuccessfully raised those grounds in his appeal to the Fifth Circuit from the March 4, 2011 judgment of revocation and sentence. Plaintiff's appeal from the court's judgment denying his § 2255 motion remains pending before the Fifth Circuit.

III.

Analysis

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the

Supreme Court made the following holding:

> We hold that, in order to recover damages for
> allegedly unconstitutional conviction or imprisonment,
> or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence
> that has not been so invalidated is not cognizable
> under § 1983. Thus, when a state prisoner seeks
> damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff
> would necessarily imply the invalidity of his
> conviction or sentence; if it would, the complaint must
> be dismissed unless the plaintiff can demonstrate that
> the conviction or sentence has already been
> invalidated.

The Fifth Circuit has held that "the analysis of a federal

prisoner's Bivens-type action which implicated his conviction

should parallel the analysis used to evaluate state prisoners'

§ 1983 claims." Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir.

1994) (quoting from Spina v. Aaron, 821 F.2d 1126, 1127 (5th Cir.

1987)) (internal quotation marks omitted).

The court has concluded that all eight of plaintiff's

pleaded claims, see supra at 3-5, implicate plaintiff's

conviction and/or sentence in one or both of the two criminal proceedings discussed under the immediately preceding section of this memorandum opinion and order.

If any of the first three claims had merit, it would put into question the validity of plaintiff's convictions and sentences in both cases. The search and seizure that occurred on September 10, 2010, he references in his first claim, the arrest on September 10, 2010, he references in his second claim, and the failure to disclose <u>Brady</u> material he references in his third claim all relate to both of the cases. The docket on Case No. 4:10-CR-168-A shows that plaintiff was arrested on September 10, 2010, and that the preliminary hearing was conducted in that case on September 16, 2010, and the testimony at pages 13-14 of the transcript of the preliminary hearing in Case No. 4:10-CR-168-A, which is attached as exhibit A to plaintiff's complaint, establishes that the search to which he refers in his first claim occurred on either September 10 or September 11, 2010.[1] The exhibit B to plaintiff's complaint discloses that one of the sentencing hearings plaintiff references in his third claim was conducted in Case No. 4:10-CR-181-A in relation to his revocation

---

[1] Plaintiff shows in the chronology he attaches to his complaint as exhibit G that the search to which he refers occurred on September 10, 2010.

proceeding.  The record shows that the other was in Case No. 4:10-CR-168-A.  Compl., Ex. H.

The fourth claim, alleging retaliatory prosecution, apparently pertains to both of the criminal cases.  Plaintiff seems to be arguing that but for retaliation on the part of the probation officer and the postal inspector, neither of those criminal proceedings would have been initiated.  The fifth claim, alleging civil conspiracy against the probation officer and the postal inspector, again relates to the prosecution of both of the criminal proceedings.  The fifth claim could not have merit unless the court were to find that the probation officer and postal inspector engaged in conduct that would put into question plaintiff's conviction and sentence in each of the criminal proceedings.

The sixth claim, asserting supervisory liability, assumes a finding by the court that the probation officer being supervised engaged in conduct that would put into question the validity of defendant's conviction and sentence in one or both of the criminal cases in question.

Claim seven again involves the alleged unlawful search and seizure to which plaintiff referred in his first claim.  If the court were to find that claim seven was meritorious, it would implicate the revocation proceeding and resulting judgment of

revocation and sentence because the revocation and sentence were
based in part on the court's finding that the unlawfulness of
defendant's conduct relative to the fraudulent passport
discovered and seized during the September 2010 search of the
place where plaintiff was residing violated plaintiff's
conditions of supervised release.  See Compl., Ex. B. at 11.  The
eighth claim, asserting malicious prosecution on supervised
release, directly implicates the March 4, 2011 judgment of
revocation and sentence.

If the court were to rule in favor of plaintiff on any of
his claims, such a ruling would necessarily imply the invalidity
of his conviction or sentence in one or both of the criminal
proceedings discussed in section II of this memorandum opinion
and order.  The record establishes that the judgment of
conviction and sentence in Case No. 4:10-CR-168-A has not been
invalidated and that neither has the judgment of revocation and
sentence in Case No. 4:10-CR-181-A.  Therefore, all of
plaintiff's claims must be dismissed.  He has failed to state any
claim upon which relief may be granted, and each of his claims is
frivolous.

The court is inclined to think that there are other reasons
why plaintiff's claims lack merit, such as immunities enjoyed by
the defendants.  However, in the interest of judicial economy,

the court is not providing an analysis of the court's conclusions as to any of those other reasons.

IV.

Order

Therefore,

The court ORDERS that plaintiff's complaint and all claims asserted therein be, and are hereby, dismissed.

SIGNED November 6, 2013.

JOHN McBRYDE
United States District Judge

13